■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered November 18, 1982, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the second degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not err in permitting the introduction of testimony concerning the defendant's involvement in an altercation which had occurred shortly before the fatal shooting which gave rise to the charges contained in the indictment. We find, as did the trial court, that the challenged testimony was relevant to the extent that it provided necessary background information (see, People v Montanez, 41 NY2d 53, 58), and that this testimony was also probative in apprising the jury of the sequence of events which culminated in the fatal shooting (see, People v Ventimiglia, 52 NY2d 350, 359; People v Vails, 43 NY2d 364, 368-369). Moreover, the trial court promptly instructed the jury that the testimony in question was not to be considered in determining whether the defendant was guilty of the crimes charged but was being admitted for the limited purpose of establishing the sequence of events. Thus, reversal on this ground is not warranted.

Furthermore, although we find that the photographic identification of the defendant by three witnesses may well have

been tainted, the suppression of their identification testimony was not warranted since the record fully supports the hearing court's determination that each witness had an adequate independent recollection of the defendant upon which to base an in-court identification *(see, People v Ballott,* 20 NY2d 600; *People v Spano,* 118 AD2d 884).

We have examined the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.