■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered March 19, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After observing the defendant exchange a glassine envelope for money with an unidentified male, Police Officer William Ryan chased and subsequently caught the defendant. As he was being tackled, the defendant threw a paper bag containing 32 glassine envelopes of heroin in the street under a parked car. The defendant now contends, *inter alia,* that it was error for the court to admit this testimony concerning the uncharged narcotics sale. We disagree.

The disputed testimony was relevant to establish the defendant's intent to sell the remaining glassine envelopes which were recovered in his possession *(see, People v Alvino,* 71 NY2d 233, 245; *People v Marin,* 157 AD2d 521). It also provided necessary background information and informed the jury of the events leading up to the defendant's arrest *(see, People v Ortiz,* 134 AD2d 624).

The defendant was not deprived of the effective assistance of counsel. Viewed in its totality, the defense counsel's representation was meaningful *(see, People v Baldi,* 54 NY2d 137; *People v Badia,* 159 AD2d 577).

The defendant's remaining contentions are unpreserved for

appellate review (CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.