■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUTH HERNANDEZ, Appellant. [627 NYS2d 368] —Judgment,

Supreme Court, New York County (Joan Carey, J.), rendered January 6, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing her, as a second felony offender, to concurrent terms of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Defendant was charged with selling three vials of crack cocaine to an undercover officer and for possessing, with intent to sell, two vials that were in her possession upon her arrest. Defendant argued that she was merely a drug user, denied selling narcotics to the undercover, and maintained that the two vials in her possession were for personal use. She claimed that a nearby female companion had actually been the seller.

Evidence of uncharged crimes is admissible if it helps to establish some element of the crime under consideration or is relevant to a contested issue in the case and its probative value outweighs its prejudicial effect (*People v Alvino*, 71 NY2d 233, 241-242). It is admissible to establish, for example, knowledge, intent, motive, identity or to provide background information, or if it is "inextricably interwoven" with crimes charged in the indictment (*People v Vails*, 43 NY2d 364, 368; *see, People v Molineux*, 168 NY 264, 293; *People v Crandall*, 67 NY2d 111, 116-117; *People v Rodriguez*, 181 AD2d 750, *lv denied* 79 NY2d 1053). Contrary to defendant's contentions, evidence relating to uncharged sales of narcotics was properly admitted since it was highly probative of defendant's intent to sell the two vials which she possessed. Because these criminal acts were close in time and inextricably interwoven with the charged crimes, their probative value outweighed any prejudice.

The hearing court properly denied defendant's motion to suppress the drugs and money recovered from her upon her arrest. The backup team had reasonable suspicion to detain defendant and to subsequently arrest her where the arresting officer received a reasonably specific description of the seller from the undercover officer. Going to the location, the arresting officer identified the defendant, who was wearing the same clothing as had been described. Thereafter, the undercover officer confirmed that defendant was the seller in a drive-by identification. Concur—Rosenberger, J. P., Ellerin, Ross, Williams and Tom, JJ.