■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN GELFAND, Appellant. [627 NYS2d 915] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered August 22, 1993, which convicted defendant, following a non-jury trial, of assault in the third degree and sentenced him to a term of three years probation, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of assault in the third degree was proven beyond a reasonable doubt. Furthermore, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). The evidence also established that the justification defense was disproved beyond a reasonable doubt. In this regard, the court's determinations regarding credibility and the proffered defense were supported by the record. Concur—Sullivan, J. P., Rubin, Ross, Nardelli and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SANABRIA, Appellant. [628 NYS2d 627] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered February 22, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years, and 3 to 6 years, respectively, unanimously affirmed.

The radio broadcast by a fellow officer detailing defendant's unlawful conduct, description and location gave the arresting officers probable cause (*see, People v Lypka*, 36 NY2d 210, 213-214). The People also established that defendant abandoned the bag containing 70 glassines of heroin when he tossed it to the ground after seeing the police officers exiting their van with shields displayed as they walked toward him (*see, People v Boodle*, 47 NY2d 398, *cert denied* 444 US 969). Defendant's claims that the prosecutor attempted to shift the burden of proof during her summation are unpreserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review in the interest of justice in the light of the underlying evidence of defendant's guilt. To the extent otherwise challenged, the summation constituted permissible rhetorical comment (*People v Galloway*, 54 NY2d 396), and fair response to defendant's attack on the credibility of the People's witnesses (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912). Concur—Sullivan, J. P., Rubin, Ross, Nardelli and Mazzarelli, JJ.