(January 30, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH GADSDEN, Appellant. [637 NYS2d 101] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered November 23, 1993, convicting defendant, after jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant failed to preserve his challenge to the court's supplemental charge on the permissive inference connected with defendant's recent and exclusive possession of stolen property (*People v Cowans*, 213 AD2d 344, *lv denied* 85 NY2d 971) and we decline to review the claim in the interest of justice. Were we to review it, we would find it to be without merit. The court's clarification of its charge to the jury was properly tailored to the facts of the case (*see, People v Baskerville*, 60 NY2d 374, 382), where defendant was found in exclusive possession of stolen property immediately after the crime and in close proximity to the scene of the crime. There was no evidence or claim that he may have received the stolen goods from someone else. Thus, the only inference of guilt that could be drawn was that the defendant was the thief and not a receiver (*supra*).

Defendant's other claim that the prosecutor shifted the burden of proof during her summation is also unpreserved (*People v Sanabria*, 216 AD2d 29, *lv denied* 86 NY2d 846), and we decline to review it in the interest of justice. Were we to review it, we would find that the challenged portions of the

summation constituted permissible rhetorical comment (*People v Galloway*, 54 NY2d 396), and not improper burden shifting. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.