■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY TERRY, Appellant. [647 NYS2d 735] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered February 25, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years, unanimously affirmed.

Defendant's claims regarding the prosecutor's cross-examination are unpreserved due to lack of specific objection (*People v Jackson*, 182 AD2d 455, *lv denied* 80 NY2d 832), and we decline to review them in the interest of justice. Were we to review them, we would find that the prosecutor's questions regarding the details of defendant's drug abuse and his use of money obtained from public assistance to pay for the two vials he possessed were proper, since "defendant himself brought these issues to the attention of the jury for purposes of promoting his defense" (*supra*, at 455).

Also unpreserved are defendant's contentions that, during summation, the prosecutor shifted the burden of proof (*People*

*v Gadsden*, 223 AD2d 490) and improperly suggested that defendant's drug use and prior narcotics conviction were evidence of his propensity to commit the crimes charged (*People v Parker*, 227 AD2d 107), and we decline to review them in the interest of justice. Were we to review them, we would find that the remarks were a fair response to the defense raised and defense counsel's summation (*supra*).

Since defendant was charged with possession with intent to sell, evidence that one of his codefendants sold drugs to additional customers immediately after the sale to the undercover officer was admissible with respect to the issue of intent (*People v Hernandez*, 216 AD2d 11, *lv denied* 86 NY2d 795), and the failure to give a limiting instruction was harmless in view of the overwhelming evidence of guilt (*People v Catten*, 214 AD2d 463, *lv denied* 86 NY2d 792). Moreover, these contemporaneous sales "carried relatively little suggestion of general criminal propensity" (*People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.