■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO SOSA, Appellant. [666 NYS2d 430] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 27, 1995, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Where a defendant seeks suppression of evidence, he bears the burden of demonstrating that he has standing to contest the police conduct at issue by establishing that he had a legitimate expectation of privacy in the place or object searched (*People v*

*Whitfield*, 81 NY2d 904). The test for determining whether standing has been established is whether the defendant exhibited a subjective expectation of privacy in the item searched and whether society would recognize defendant's expectation of privacy as objectively reasonable (*People v Ramirez-Portoreal*, 88 NY2d 99, 108). "Standing to challenge a search is not established by asserting a possessory interest in the goods seized—defendant must assert a privacy interest in the place or item searched" (*supra*, at 108). Defendant's actions of throwing the bag 2 to 3 feet in front of him onto a busy city sidewalk, and then turning his back and walking 10 to 15 feet away from it, in an obvious effort to distance himself from it, demonstrated neither a subjective nor an objective expectation of privacy. Once it is demonstrated that a defendant lacks standing, the issue of whether he abandoned the item seized need not be addressed; however, as the court below concluded, defendant's discarding the bag as he did clearly evinced an intent to abandon the property (*see*, *People v Sanabria*, 216 AD2d 29, *lv denied* 86 NY2d 846).

Furthermore, in view of the foregoing, defendant's subsequent statement to the police after the administration of his *Miranda* warnings was properly ruled admissible. Concur—Ellerin, J. P., Nardelli, Williams, Andrias and Colabella, JJ.