■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VELEZ, Appellant. [722 NYS2d 374] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered on or about February 2, 1998, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 13 years, unanimously affirmed.

Contrary to the People's argument, defendant's guilty plea did not waive appellate review of the court's final order summarily denying that portion of his motion seeking to suppress items he threw to the ground, namely, a gun, a sock, and envelopes (CPL 710.70 [2]). However, the summary denial of that portion of defendant's suppression motion was proper since defendant failed to allege sufficient facts in his motion to establish standing to challenge the admissibility of these discarded items, failed to rebut the People's abandonment theory, and failed to causally connect his discarding of the gun and other items to the alleged illegal police conduct (*see, People v Arroya,* 268 AD2d 287; *People v Omaro,* 201 AD2d 324, 325; *see also, People v Sosa,* 246 AD2d 387, *lv denied* 91 NY2d 945). At no time did defendant allege that he had actually discarded anything in response to unlawful police conduct. Instead, his allegations were couched in vague and hypothetical language that did not raise a factual issue requiring a hearing. Concur— Rosenberger, J. P., Williams, Wallach, Saxe and Buckley, JJ.