■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT THORPE, Appellant. [766 NYS2d 846]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered February 8, 2002, convicting defendant, after a

jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes,* 97 NY2d 203 [2002]; *People v Walker,* 83 NY2d 455, 458-459 [1994]; *People v Pavao,* 59 NY2d 282, 292 [1983]). The court minimized the possibility of prejudice by permitting the People to identify only one of defendant's felony convictions as a drug conviction, and by precluding any inquiry into underlying facts.

The verdict convicting defendant of criminal sale of a controlled substance in or near school grounds was based on legally sufficient evidence. The evidence warranted the conclusion that the drug transaction occurred near school grounds within the meaning of Penal Law § 220.00 (14) (*see People v Carter,* 291 AD2d 355 [2002], *lv denied* 98 NY2d 695 [2002]; *see also* Penal Law § 220.00 [1]; *People v Samuels,* 99 NY2d 20, 24 [2002]).

We perceive no basis for reducing the sentence. Concur— Nardelli, J.P., Tom, Ellerin, Lerner and Friedman, JJ.