■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS HARRISON, Appellant. [773 NYS2d 877]—

Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered April 3, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him, as a second felony offender, to a term of 15 years to life, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Defendant was not insulated from impeachment concerning his prior drug conviction, which bore directly on his credibility and was not unduly prejudicial.

The court properly denied defendant's suppression motion without a hearing. In his initial suppression motion, defendant failed to allege sufficient facts to establish standing to challenge the admissibility of a discarded bag. The court properly exercised its discretion in denying his renewal motion, since he did not establish any reason for omitting the newly asserted facts from his original motion (*see People v Ruth*, 260 AD2d 296 [1999], *lv denied* 93 NY2d 929 [1999]; *Foley v Roche*, 68 AD2d 558, 568 [1979]), and since, in any event, he failed to rebut the People's abandonment theory (*see People v Velez*, 281 AD2d 311 [2001], *lv denied* 96 NY2d 908 [2001]). To the extent that defendant is claiming that he is entitled to suppression of evidence on the basis of trial testimony, that claim is unavailing (*People v Abrew*, 95 NY2d 806, 808 [2000]). Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.