(October 25, 2005)

■ The People of the State of New York, Respondent, v Nicholas Marquez, Appellant. [802 NYS2d 665]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered October 5, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

This appeal has taken an unusual procedural course resulting from the loss of trial transcripts covering the voir dire and *Sandoval* proceedings. On the initial direct appeal, we unanimously affirmed the judgment and rejected defendant's argument that he was entitled to a reconstruction hearing (2 AD3d 343 [2003]). Subsequently, the Court of Appeals reversed and remitted the case to this Court (4 NY3d 734 [2004]) in light of its decision in *People v Parris* (4 NY3d 41 [2004]), which declared the appropriate standard for determining when a reconstruction hearing is required. Applying the *Parris* standard, this Court held on remand that the defense counsel had diligently sought to remedy the harm caused by the lost minutes, and that, therefore, defendant was entitled to a reconstruction hearing (15 AD3d 270 [2005]). Accordingly, we held the appeal in abeyance and remanded the case to Supreme Court for such a hearing. The reconstruction hearing was held on April 11, 2005 and the trial court issued its written findings on May 10, 2005. Those findings are now before us.

In his posthearing supplemental brief filed with this Court, defendant makes one argument in support of a reversal: that the trial court's *Sandoval* ruling permitted excessive inquiry into his prior drug sale convictions, thereby inviting the jury to infer that defendant had a propensity to commit drug crimes. In their supplemental brief, the People respond that the court's *Sandoval* ruling was a proper exercise of the court's discretion.

The undisputed findings of the reconstruction court show that defendant's criminal history consisted of one violation, four misdemeanor convictions and two felony convictions. The violation was for disorderly conduct. The misdemeanors included a

1973 conviction for weapons possession, a 1981 conviction for possession of stolen property and 1992 and 1993 convictions for drug possession. The felonies were a 1988 conviction for attempted criminal sale of a controlled substance and a 1994 conviction for criminal possession of a controlled substance in the third degree. In addition, the record showed that defendant used multiple aliases in 1993 and he was on parole and had an open criminal case at the time of trial.

At the *Sandoval* hearing, the prosecutor asked for permission to cross-examine defendant about the existence and underlying facts of his four most recent convictions (i.e., those during or after 1988), as well as his use of aliases and his parole status. Defense counsel sought to exclude all evidence of defendant's criminal history. The court ruled that the People could inquire about defendant's conviction of a felony in 1988, his conviction of the felony of possession of a controlled substance with intent to sell in 1994 and his conviction in 1993 of misdemeanor drug possession. The court also permitted inquiry into defendant's parole status.

Based on the reconstructed record, we now conclude that the trial court's *Sandoval* ruling was a proper exercise of discretion. A criminal defendant who chooses to testify, like any other witness in a civil or criminal action, may be cross-examined regarding prior crimes and bad acts that bear on the witness's credibility or veracity (*People v Hayes*, 97 NY2d 203, 207 [2002]; *People v Sandoval*, 34 NY2d 371, 376 [1974]). In making its *Sandoval* determination, a trial court must weigh the probative worth of the evidence on the issue of defendant's credibility against the risk of unfair prejudice to the defendant (*Sandoval*, 34 NY2d at 375; *see also People v Williams*, 56 NY2d 236, 239 [1982]; *People v Davis*, 44 NY2d 269, 274 [1978]).

Defendant's argument that the court should not have permitted any inquiry into the nature of defendant's prior drug convictions is rejected (*People v Hayes*, 97 NY2d at 208 [Appellate Division erred in requiring that cross-examination be limited to the mere existence of defendant's convictions where prior crimes are similar to pending charges]). The Court of Appeals has repeatedly held that the similarity of a defendant's past crimes does not shield the defendant from impeachment (*id.* at 206; *see also People v Pavao*, 59 NY2d 282, 291-292 [1983]).

Here, the court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*People v Harrison*, 6 AD3d 195, 196 [2004], *lv denied* 3 NY3d 641 [2004]). While the prosecutor requested permission to cross-examine defendant about four of his six convictions, the court permitted

inquiry into only three. Further, even though defendant was convicted of two prior drug felonies, the court only allowed the prosecutor to mention that one of them was drug-related, an effort to minimize any prejudice (*see People v Thorpe,* 1 AD3d 171 [2003], *lv denied* 1 NY3d 602 [2004]). Lastly, defendant's convictions of two drug crimes were unquestionably relevant to his credibility as a trial witness and his willingness to place his interests above those of society. Concur—Buckley, P.J., Andrias, Friedman, Sullivan and Gonzalez, JJ.