OPINION OF THE COURT
Minna R. Buck, J.
By petition filed November 12, 1986, petitioner (hereinafter Mr. Z.) seeks an order of protection pursuant to article 8 of the Family Court Act against respondent (hereinafter Ms. McG.). On November 19, 1986, Mr. Z. was granted, ex parte, a temporary order of protection pending further proceedings.
Ms. McG. has moved to dismiss the petition and vacate the *951 temporary order of protection on the grounds that Mr. Z. lacks standing to initiate such a proceeding and, therefore, the court has no jurisdiction to entertain his petition. The basis of Ms. McG.’s argument is that there is a pending petition (P-1290-86) before a Hearing Examiner of this court, filed by her on August 22, 1986, alleging that Mr. Z. herein is the father of her unborn child (due to be born Feb. 1987), and that Mr. Z. has denied the allegations therein.
Family Court Act § 822 lists those persons who may originate an article 8 proceeding including: "Any person in the relation to the respondent of spouse, or former spouse, parent, child or member of the same family or household” (Family Ct Act § 822 [a]). In defining court jurisdiction for purposes of article 8, "members of the same family or household” includes, in pertinent part, "persons who have a child in common regardless whether such persons have been married or have lived together at any time” (Family Ct Act § 812 [1] [d]). It should also be noted that the petition herein not only does not allege that Mr. Z. falls into any of the foregoing categories, but denies paternity of Ms. McG.’s child. Under these circumstances, the court finds that Mr. Z. lacks standing and, therefore, the petition should be dismissed.
The court has taken notice of the proceedings to date under P-1290-86. On October 21, 1986, before the Hearing Examiner, Mr. Z. denied paternity but moved for a temporary order of protection pursuant to Family Court Act § 550. The Hearing Examiner properly denied the motion for the temporary protective order since Family Court Act § 439 (a) explicitly precludes the Hearing Examiner from granting such an order.
Although the issue of the court’s authority to grant Mr. Z. a temporary order of protection under Family Court Act § 550 is not before us at this time, in the interests of judicial economy, the court offers its opinion that Mr. Z., as respondent in a paternity case, would not be entitled to a temporary order of protection on these facts under that section either. The 1984 amendments to section 550 predicate relief upon a showing that the parties have been married, or "have a child in common”. This is not to say Mr. Z. is precluded from any relief should it be appropriate, but that he needs to seek it in another forum.