■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Hickman, J.), rendered June 20, 1985, convicting him of escape in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered November 25, 1985, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Justice Thompson has been substituted for former Justice Niehoff *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

The defendant's contention that he was denied a fair trial due to the trial court's failure to instruct the jury on the ambiguous nature of flight evidence is without merit. The trial court provided the jury with instructions on how to evaluate evidence of consciousness of guilt, although no specific reference to flight was made. Even if this failure to specifically refer to flight were to be considered an error, it would be harmless error. In light of all of the other evidence against the defendant, the issue of flight is of minimal importance. The defendant was positively identified by the complainant, who saw him several times prior to and subsequent to the robbery. On two occasions after the robbery, the defendant returned to the complainant's father's store to threaten the complainant.

The only evidence of flight was the testimony of the arresting officer who stated that the defendant ran into the basement of a nearby building when he was pointed out to the police by the complainant's employee 20 days after the robbery.

Under these circumstances, there is no significant probability that had the trial court specifically instructed the jury as to the ambiguous nature of evidence of flight, that the jury would have acquitted the defendant. Therefore, any possible error with regard to the court's failure to provide instructions on flight was harmless *(see, People v Crimmins,* 36 NY2d 230). Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.