■ The People of the State of New York, Respondent, v Winzell Beckett, Appellant.—Judgment unanimously affirmed and defendant's application for reassignment of counsel denied. Memorandum: None of the contentions raised by assigned counsel and defendant *pro se* requires reversal and only a few require comment. Defendant's statements were not taken in violation of his right to counsel. That right did not attach when a parole violation warrant was issued for defendant's arrest since defendant had no right to counsel in the parole proceeding until his final revocation hearing *(see, People ex rel. Calloway v Skinner,* 33 NY2d 23, 31; *People v Simons,* 22 NY2d 533, 536-539, *cert denied* 393 US 1107). Defendant's contention that the police should have inquired whether he was represented by counsel on pending unrelated

charges *(see, People v Bartolomeo,* 53 NY2d 225; *People v Rogers,* 48 NY2d 167) lacks merit because defendant did not establish that he was in fact represented on such charges *(see, People v Rosa,* 65 NY2d 380, 384-386; *People v Kazmarick,* 52 NY2d 322, 324).

The court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) was not an abuse of discretion. "[Q]uestioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged" *(People v Pavao,* 59 NY2d 282, 292). The court precluded the prosecutor from questioning defendant about two prior convictions and the record reveals that the court carefully balanced the probative value of such questioning against the prejudice to the defendant *(see, People v Bennette,* 56 NY2d 142, 147-149; *People v Pollock,* 50 NY2d 547, 549-550).

Although the court should have charged the jury on the ambiguity of evidence of defendant's flight *(see, People v Yazum,* 13 NY2d 302, *rearg denied* 15 NY2d 679), defendant did not preserve the issue by objection or further request and the error would be harmless in any event *(see, People v Jackson,* 142 AD2d 599, 600). On this record defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137). We have reviewed the remaining contentions preserved for review and find each one lacking in merit.

Since the briefs submitted on appeal raise all the arguable issues on defendant's behalf, defendant's application for reassignment of counsel is denied. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J.—murder, second degree.) Present—Callahan, J. P., Green, Balio, Lawton and Davis, JJ.