OPINION OF THE COURT
Ingrid S. Braslow, J.
In this proceeding pursuant to article 8 of the Family Court Act, respondent moves to dismiss the petition seeking an order *273 of protection against him on the ground that petitioner had no standing to initiate this proceeding and therefore, the court has no jurisdiction to entertain the petition.
Respondent is the putative father of petitioner’s children. Earlier, petitioner filed a paternity petition in this court. Respondent has denied the allegations of paternity and the matter is currently set for a fact-finding hearing. Petitioner filed this petition on August 22, 1991, wherein it is alleged that petitioner and respondent are members of the same family by having children in common.
Family Court Act § 822 names those persons who may originate an article 8 proceeding, including: "Any person in the relation to the respondent of spouse, or former spouse, parent, child, or member of the same family or household” (Family Ct Act § 822 [a]; emphasis added). In defining jurisdiction for purposes of article 8, "members of the same family or household” include, inter alla, "persons who have a child in common regardless whether such persons have been married or have lived together at any time.” (Family Ct Act § 812 [1] [d].) Respondent contends that because he has not been adjudicated the father of the children, he has no relationship with petitioner that would form the basis for standing under section 812.
Respondent has misconstrued section 812 in its current form. Prior to 1984, the statute limited members of the same family or household to persons who were either (1) related by consanguinity or affinity or (2) legally married to one another. Clearly, by the terms of the statute, informal relationships, even if children resulted, did not fall under article 8. However, in 1984 the statute was broadened to give the Family Court jurisdiction over cases involving persons who were formerly married and over persons who had a child in common. This amendment filled two much criticized gaps in the Family Court’s original jurisdiction over family offenses. (See, Besharov, 1984 Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, 1991 Cum Ann Pocket Part, Family Ct Act § 812, at 31.) Nowhere in the statute is there a requirement that the respondent be established as the adjudicated father. The law does not distinguish between putative and adjudicated fathers in this instance. It is determined that an allegation that the parties have a child or children in common is sufficient to establish the standing of a petitioner to bring an action under article 8. Any other construction would undermine the intent of the statute, as amended, to extend protec *274 tian to persons outside of the conventional marital family. In view of the fact that it can take at least many months to resolve a paternity action, as a practical matter, a petitioner would be denied access to this court, which might unnecessarily endanger not only the natural mother, but the child as well.
The case cited by respondent in support of his motion to dismiss, Matter of Robert F. Z. v Michelle McG. (134 Misc 2d 950 [Fam Ct 1987]), is clearly distinguishable. In that case as herein, a paternity petition was filed against the putative father, who similarly denied the allegations therein. The putative father then filed a petition for a protective order against the natural mother. In contrast to the instant case, there was no allegation in the protection petition filed in Robert F. Z. that the parties had a child in common. "It should also be noted that the petition herein not only does not allege that Mr. Z. falls into any of the foregoing categories, but denies paternity of Ms. McG.’s child. Under these circumstances, the court finds that Mr. Z. lacks standing and, therefore, the petition should be dismissed.” (134 Misc 2d, at 951 [emphasis in original].) Consequently, the petition for a protective order in that case was defective on its face.
Moreover, the Family Court Act, as other statutes, must be read as an integrated whole, such that the various sections of the statute retain congruity with each other. Consequently, it is appropriate to look to other articles within the Family Court Act for guidance in construing article 8. (Matter of Gloria C. v William C., 124 Misc 2d 313, 316-317 [Fam Ct 1984].) Article 5 of the Family Court Act governs paternity proceedings and related matters. That article provides that upon the filing of a petition or counterclaim thereunder, the court may issue a temporary order of protection against "persons who have a child in common, regardless whether such persons have been married or have lived together at any time” (Family Ct Act § 550). Since it is clear that upon the filing of the petition, there has been no adjudication of paternity, the language "persons have been married or have lived together at any time” must by definition include a putative father. This statutory language contained in section 550 is *275 identical to the language contained in section 812, and consequently it is determined that section 812 refers to a putative father, as well as an adjudicated father. Thus, the allegations in the petition give petitioner standing to bring this proceeding. Respondent’s motion to dismiss the petition is denied.