■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHBY BRENEMAN, Appellant. [596 NYS2d 607] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the court erred in allowing the prosecutor to cross-examine him on prior convictions in the Commonwealth of Pennsylvania for sexual crimes involving one or more youths. It is not error to permit cross-examination for impeachment purposes about prior crimes and bad acts, even though they are similar to crimes charged, particularly where the prior crime evinces an intention to place one's own interest above the interest of others (People v Pavao, 59 NY2d 282, 292; People v Beckett, 156 AD2d 1009, 1010, lv denied 75 NY2d 917; People v Washpun, 134 AD2d 858, lv denied 70 NY2d 1012; People v Edwards, 80 AD2d 993, 994). Thus, it has been held proper to permit cross-examination about sexual abuse convictions in a sexual abuse case (People v Weeks, 126 AD2d 857, 860). We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Sodomy, 2nd Degree.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ In the Matter of CHERILYN P., a Child Alleged to be Neglected. [596 NYS2d 233] —Appeal unanimously dismissed without costs. Memorandum: Following a fact-finding hearing, respondent stipulated to an adjudication of neglect and entry of a dispositional order pursuant to which the child was released to her mother (see, Family Ct Act § 1054). This appeal, which challenges the propriety of the finding of neglect, must be dismissed. No appeal lies from an order entered upon the parties' consent (see, Matter of Unborn Baby B., 158 AD2d 455, 456; see also, Matter of Gerald H., 158 AD2d 599, 600) because respondent is not aggrieved thereby (see, CPLR 5511; Family Ct Act § 1118). (Appeal from Order of Onondaga County Family Court, McLaughlin, J.—Neglect.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ.