THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHARYE JARVIS, Appellant. [609 NYS2d 719] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of two counts of murder in the second degree (Penal Law § 125.25 [1]) arising out of the execution-style shooting deaths of Sherrill Prather and Robert Horn, Jr. The People offered four eyewitnesses to the shooting, one of whom identified the defendant as one of the perpetrators. Another witness, defendant's former girlfriend, testified that defendant admitted shooting the victims. Defendant called three alibi witnesses who testified that defendant was at his girlfriend's home at the time of the shooting. Defendant did not testify.

Defendant contends that County Court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) that permitted defendant to be cross-examined about an alleged shooting on a prior occasion was a clear abuse of discretion. We disagree. The court, after a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350), ruled that the prosecution could not introduce evidence that defendant had shot Sherrill Prather on a prior occasion as part of their direct case. Following a mid-trial *Sandoval* hearing, however, the court ruled that defendant could be cross-examined about the prior shooting incident, but precluded the People from questioning him about several other prior bad acts and pending criminal charges.

The court properly ruled that evidence of the prior shooting could not be offered as part of the People's direct case under a *Molineux* theory *(see, People v Powell,* 152 AD2d 918). At the *Sandoval* hearing, the court considered a number of prior bad acts or crimes and ruled that the prosecution could cross-examine defendant about the prior shooting incident and a pending charge of obstructing governmental administration, but not about other prior bad acts. We conclude that the court's ruling appropriately balanced the potential prejudice to defendant and the jury's right to evaluate his credibility *(see, People v Bennette,* 56 NY2d 142, 147-149; *People v Pollock,* 50 NY2d 547, 549-550; *People v Beckett,* 156 AD2d 1009, 1010, *lv denied* 75 NY2d 917).

Defendant argues that the prosecutor improperly used peremptory challenges to remove four black female potential jurors and failed to come forward with a race-neutral explanation for the challenges as required by *Batson v Kentucky* (476 US 79). Defendant failed, however, to meet his burden of establishing a prima facie case of discrimination *(see, Batson v Kentucky, supra,* at 96-98; *People v Childress,* 81 NY2d 263, 266; *People v Bolling,* 79 NY2d 317, 320). Furthermore, the prosecutor did give race-neutral reasons for excusing each of the four potential black jurors. Thus, there was no *Batson* violation *(see, People v Rumph,* 202 AD2d 1035 [decided herewith]).

The court was not required to inquire of defendant whether he was aware of his right to testify and whether he waived that right *(see, People v Fratta,* 83 NY2d 771). (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.