■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL CABRERA, Appellant. [652 NYS2d 53] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered January 3, 1995, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial ordered.

According to the People's proof, the robbery of which the de-

fendant was convicted took place early Friday morning, March 27, 1992, at approximately 1:30 A.M. During the defendant's case, defense counsel presented one witness who stated that she went dancing with the defendant every Friday *evening*. Defense counsel's questions to the witness were focused on Friday night, which resulted in the alibi witness testifying as to the defendant's whereabouts approximately 18 hours after the crime had occurred. Inasmuch as the witness' testimony went to the heart of the alibi, counsel's error undermined the defense. Moreover, this error was strategically utilized by the prosecutor, who noted during summation that defense counsel had demonstrated that the defendant was out "partying" 18 hours after he had committed the crime. Notwithstanding counsel's competence in other phases of the proceedings, the representation provided was not "adequate or effective in any meaningful sense of the words" (*see, People v Long*, 81 AD2d 521, 522; *People v Aiken*, 45 NY2d 394, 398).

The defendant's remaining contentions are without merit. Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.