including reasonable attorney's fees. (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH LITTLE, Appellant. [654 NYS2d 66] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a jury verdict finding him guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25). On appeal, he contends that he was deprived of the opportunity to make a timely appearance before the Grand Jury, that he was denied effective assistance of counsel, and that County Court erred in admitting footprint identification evidence without proper foundation.

Defendant did not give timely notice prior to the prosecution's presentment of evidence and the Grand Jury vote on the indictment and thus waived any challenge to the indictment on the ground that he was not allowed to make a timely appearance before the Grand Jury (see, People v Sumpter, 178 AD2d 973, lv denied 80 NY2d 896). In any event, defendant testified before the Grand Jury after an indictment was issued and, following his testimony, a superseding indictment was issued.

The evidence, the law, and the circumstances of this case, viewed in totality as of the time of the representation, establish that defendant received meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147).

The testimony of a detective regarding his observations of footprints in the snow and his conclusion that the footprints were similar to the prints left by defendant's boots is not a matter of expert opinion (see, People v Rosa, 138 AD2d 756, lv denied 72 NY2d 866). In any event, defendant opened the door to that testimony by asking the detective on cross-examination whether he had made any comparison between defendant's boot and the footprints in the snow. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.

■ In the Matter of SUSAN FURST, Appellant, v STANLEY WALLACE, Respondent. In the Matter of STANLEY WALLACE, Petitioner, v SUSAN FURST, Respondent. (Appeal No. 1.) [653 NYS2d 906] —Appeal unanimously dismissed without costs (see, Matter of Cherilyn P., 192 AD2d 1084, lv denied 82 NY2d 652; see also, CPLR 5511). (Appeal from Order of Erie County Fam-

ily Court, O'Donnell, J.—Visitation.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.

■ In the Matter of SUSAN FURST, Appellant, v STANLEY WALLACE, Respondent. In the Matter of STANLEY WALLACE, Petitioner, v SUSAN FURST, Respondent. (Appeal No. 2.) [653 NYS2d 906] —Order unanimously affirmed without costs. Memorandum: Family Court properly denied petitioner's motion to set aside the prior order setting visitation in accordance with the parties' stipulation. The testimony of petitioner in support of her application was incredible and contradictory and did not establish that she had been coerced. In particular, the testimony that petitioner entered into the stipulation because of the threats and abuse of respondent is contradicted by her admission that she entered into the stipulation in the belief that respondent would be residing with her and the baby. (Appeal from Order of Erie County Family Court, O'Donnell, J.— Visitation.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.

■ In the Matter of ANTHONY B., a Child Alleged to be Neglected. DOREEN B., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [653 NYS2d 764] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: In this proceeding pursuant to Family Court Act article 10, we conclude that the evidence at the fact-finding hearing is insufficient to support Family Court's finding that the child is neglected. A finding of neglect may be made if a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care * * * in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]).

Respondent was serving a six-month prison sentence when she gave birth on July 23, 1995. The Erie County Department of Social Services (DSS) received a hotline report from the hospital regarding the birth, and a Child Protective Services caseworker visited respondent in the hospital shortly thereafter. Respondent informed the caseworker that she planned to place the child with her aunt. Two days after the birth, respondent was informed that her aunt was unavailable to care for the child. The caseworker asked respondent if she would voluntarily place the child in foster care. Respondent refused and suggested that the child be discharged to the care of his biological father. The caseworker informed respondent that she could