■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE FOY, Appellant. [678 NYS2d 516] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered June 19, 1996, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Bruno, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence elicited at the suppression hearing established that the police possessed probable cause to arrest him (*see, People v Martinez,* 80 NY2d 444). The record also establishes that the defendant unequivocally abandoned the vehicle which was seized (*see, People v Martinez, supra; People v Bloomfield,* 156 AD2d 572). Further, since the defendant failed to demonstrate that he had a legitimate expectation of privacy in the place searched or the items seized, he lacked standing to contest the seizure of the vehicle and the search of the garage where other property was recovered (*see, People v Strunkey,* 202 AD2d 610). Consequently, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant contends that the prosecutor's reference to certain identification testimony in her opening statement constituted prejudicial error. The defendant did not request any further instructions or request a mistrial and, consequently, his contention that the remark deprived him of a fair trial is unpreserved for appellate review (*see, People v Medina,* 53 NY2d 951). In any event, while the comments in question were clearly improper, the court's prompt curative instructions ameliorated any prejudice (*see, People v Ferrara,* 220 AD2d 612).

The defendant's remaining contentions regarding prosecutorial misconduct are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Pizzuto and Altman, JJ., concur.