respondent's placement beyond the one-year period set down in the original order effective February 24, 1997.

DSS contends that the appeal should be dismissed as moot. We agree with the Law Guardian that this matter falls within an exception to the mootness doctrine (*see generally, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). The court's action would escape review because generally the order of placement will have expired by the time the appeal is perfected and heard. We thus reverse the order, in which Family Court improperly attempted to modify its original order in violation of Family Court Act § 355.1. (Appeal from Order of Monroe County Family Court, Miller, J.—Juvenile Delinquency.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.

■■■ In the Matter of JENNIFER O. and Others, Children Alleged to be Neglected. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK L. O., Appellant. (Appeal No. 1.) [683 NYS2d 450] —Appeal unanimously dismissed without costs (*see, Matter of Cherilyn P.*, 192 AD2d 1084, *lv denied* 82 NY2d 652). (Appeal from Order of Jefferson County Family Court, Hunt, J.—Neglect.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.

■■■ In the Matter of JENNIFER O. and Others, Children Alleged to be Neglected. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK L. O., Appellant. (Appeal No. 2.) [684 NYS2d 96] —Order unanimously affirmed without costs. Memorandum: Respondent contends that Family Court erred in concluding that he willfully violated an order of protection barring him from unsupervised contact with his three children. We disagree. At the hearing on the violation petition, respondent admitted that he was alone in a waiting room with his children for a few minutes. The record supports the finding that the violation was willful.

The court did not err in holding a joint hearing to receive evidence concerning the mother's petition to relocate, a family offense petition and the dispositional phase of the violation petition. The issues and proof in the three matters were overlapping. Respondent failed to establish that the court considered hearsay or other incompetent evidence introduced concerning the disposition on the violation petition in its factual determinations on the other petitions. There is overwhelming evidence that the relocation of the children with their mother to another State is in the children's best interests (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 740-741). There