■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE HENRY, Appellant. [699 NYS2d 129] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered April 30, 1997, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's conviction arises out of a robbery which took place early Thursday morning, August 10, 1995, at a little after midnight. Defense counsel presented only one witness, the defendant's girlfriend, who stated that she was with the defendant the entire day and night on August 10, 1995. Specifically, she testified that on the evening of August 10, 1995, they were supposed to go to see the opening of a movie, but since they could not get a babysitter, they stayed home. Defense counsel's questions to the witness focused on the night of August 10, 1995, resulting in testimony concerning the defendant's whereabouts almost 24 hours after the crime had been committed. "Inasmuch as the witness' testimony went to the heart of the alibi, counsel's error undermined the defense" (*People v Cabrera,* 234 AD2d 557, 558). Notwithstanding counsel's competency in other aspects of the proceedings, the representation provided was not " 'adequate or effective in any meaningful sense of the words' " (*People v Cabrera, supra,* at 558, quoting *People v Long,* 81 AD2d 521, 522). Since the defendant was denied the effective assistance of counsel, a new trial is required. Santucci, J. P., Florio and Schmidt, JJ., concur.

Sullivan, J., concurs on constraint of *People v Cabrera* (234 AD2d 557).