■ In the Matter of JERRI D., Respondent, v JARRETT H., Appellant. [750 NYS2d 394] —Appeal from an order of Family Court, Monroe County (Strobridge, J.H.O.), entered July 25, 2001, which directed respondent to stay away from and refrain

from communicating with petitioner for a period up to and including July 25, 2002.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to article 8 of the Family Court Act seeking an order of protection against respondent. We note at the outset that, contrary to respondent's contention, Family Court had jurisdiction over the parties despite respondent's denial of paternity with respect to petitioner's daughter. Here, petitioner alleged that respondent is the father of her daughter and she had commenced a paternity proceeding that was pending at the time of this proceeding (*see Matter of Lydia B. v Pedro G.*, 152 Misc 2d 272; *see generally* Family Ct Act § 812 [1] [d]; § 822 [a]). "Nowhere in [Family Ct Act § 812 (1)] is there a requirement that the respondent be established as the adjudicated father" (*Lydia B.*, 152 Misc 2d at 273).

Nevertheless, we further conclude that this appeal must be dismissed because respondent consented to the order of protection and no appeal lies from an order entered upon consent (*see Matter of Samantha N.F.*, 288 AD2d 863, 864; *Matter of Torrey v Dempsey*, 248 AD2d 975; *Matter of Charles v Lewis*, 224 AD2d 687, *lv dismissed* 88 NY2d 1006, *rearg denied* 89 NY2d 917; *Matter of Cherilyn P.*, 192 AD2d 1084, *lv denied* 82 NY2d 652). We reject the contention of respondent that his consent was not knowing and voluntary (*see generally Matter of Jonathan LL.*, 294 AD2d 752). Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.