■ In the Matter of DEBRA PHILLIPS, Respondent, v KENNETH LALAND, Appellant. [771 NYS2d 718]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Queens County (Richroath, J.), dated January 16, 2003, which, after a hearing, in effect, found that he committed a family offense and granted the petitioner an order of protection.

Ordered that the order is affirmed, without costs or disbursements.

The petition alleged that the appellant and the petitioner mother shared a "child in common." In addition, the petition provided a list of the petitioner's children and specified that the appellant was the father of two of them. Under these circumstances, the Family Court properly determined that it had jurisdiction over this family offense proceeding (*see* Family Ct Act § 812 [1]). The fact that there was a paternity proceeding simultaneously pending did not divest the Family Court of jurisdiction (*see Matter of Jerri D. v Jarrett H.*, 299 AD2d 863, 864 [2002]; *Matter of Lydia B. v Pedro G.*, 152 Misc 2d 272, 273 [1991]).

The evidence adduced at the fact-finding hearing proved by the requisite preponderance of the evidence (*see Matter of Charlene J.R. v Walter A.M.*, 307 AD2d 1038 [2003]) that the appellant committed acts constituting disorderly conduct which were directed at the petitioner (*see* Penal Law § 240.20; *Matter of Hopkins v Federico*, 252 AD2d 502 [1998]; *Matter of Platsky v Platsky*, 237 AD2d 610 [1997]). The Family Court was confronted with issues of credibility as to whether the appellant committed the acts alleged in the petition. The Family Court's credibility determination is entitled to great weight and we find no reason to disturb that determination (*see Matter of Smith v Antonio*, 239 AD2d 509 [1997]).

Finally, under the circumstances of this case, the Family Court did not err in declining to conduct a separate dispositional hearing. Although the appellant requested such a hearing, the Family Court had just completed a full fact-finding hearing at which it received and considered the type of evidence which would have been adduced at a dispositional hearing. Thus, a separate dispositional hearing would have been superfluous (*see Matter of Dabbene v Dabbene*, 297 AD2d 812 [2002]; *Matter of Annie C., v Marcellus W.*, 278 AD2d 177 [2000]; *Matter of Quintana v Quintana*, 237 AD2d 130 [1997]). S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.