■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS OLIVO, Appellant. [806 NYS2d 594]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered June 13, 2001, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court committed reversible error in declining to instruct the jury on the inherent weakness of evidence of flight (*see People v Bennett,* 79 NY2d 464, 470 [1992]; *People v Yazum,* 13 NY2d 302, 304 [1963]). We disagree. In light of the overwhelming direct evidence of the defendant's guilt, including the testimony of two police eyewitnesses, any error in failing to give the requested instruction was harmless (*see People v John,* 221 AD2d 564, 565 [1995]; *People v Jackson,* 142 AD2d 599 [1988]).

The defendant's contentions that the prosecutor made improper remarks during his opening statement and summation and otherwise engaged in misconduct during the trial are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951 [1981]; *People v Arroyo,* 309 AD2d 870, 871 [2003]; *People v Foy,* 253 AD2d 889 [1998]). In any event, the challenged remarks and conduct were either responsive to arguments made by defense counsel, constituted fair comment on the evidence, or otherwise did not deprive the defendant of a fair trial (*see People v Pearson,* 20 AD3d 575 [2005], *lv denied* 5 NY3d 831 [2005]; *People v Joseph,* 20 AD3d 435 [2005], *lv denied* 5 NY3d 807 [2005]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for ap-

pellate review or without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.