=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 52
The People &c.,
            Appellant,
        v.
Kharye Jarvis,
            Respondent.


        Geoffrey Kaeuper, for appellant.
        William G. Pixley, for respondent.


MEMORANDUM:

        The order of the Appellate Division should be

affirmed.  Counsel's failure to invoke the court's prior

preclusion order, coupled with his presentation of an alibi

defense for the wrong day of the week, could have led to

- 1 -

defendant's conviction.  In this case, where the evidence against defendant was particularly weak since credibility issues affected each of the prosecutor's major witnesses, the cumulative effect of counsel's lapses deprived defendant of meaningful representation (People v Oathout, 21 NY3d 127, 132 [2013]).

People v Kharye Jarvis

No. 052

PIGOTT, J.(dissenting):

In 1992, following a jury trial, defendant was convicted, on compelling evidence, of two counts of murder in the second degree for the fatal shooting of two men. Now, 23 years later, the majority holds that defense counsel was ineffective for not objecting at trial when the prosecutor elicited testimony from a prosecution witness, Charlotte Barnwell, that defendant threatened her prior to her testimony. County Court had earlier ruled that such testimony was inadmissible unless the issue of Barnwell's delay in coming forward was raised on cross examination. The majority further holds that defense counsel's presentation of an alibi defense through three alibi witnesses constitutes ineffective assistance. In my view, defendant failed to meet his burden of establishing the absence of a strategic or other legitimate explanation for defense counsel's alleged errors. Therefore, I dissent and would affirm the judgment of conviction.

In People v Baldi, this Court held that in order for a defendant to succeed on his claim of ineffective assistance of counsel, defendant must prove that he was deprived of a fair

- 1 -

trial by less than "meaningful representation" determined by counsel's performance "viewed in totality" (People v Oathout, 21 NY3d 127, 128 [2013], citing Baldi, 54 NY2d 137, 147 [1981]). Further, we have said that in reviewing claims of ineffective assistance, we must take care "to avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis" (Baldi, 54 NY2d at 146).

Defense counsel undoubtedly conducted a diligent defense throughout the trial. He capably argued motions including the mid-trial Molineux/Ventimiglia hearing, delivered a cogent opening statement, cross-examined the People's witnesses, lodged appropriate objections and offered an articulate closing argument that identified weaknesses in the People's proof. Defense counsel attacked the prosecution's proof as to identity, offering three witnesses in support of an alibi and, further, challenged the credibility of each of the People's witnesses throughout the trial. Moreover, defense counsel's effectiveness was demonstrated by the length of the jury's deliberations before it eventually convicted defendant. Given the breadth of defense counsel's representation, it could not reasonably be said, on this record, that defendant was denied meaningful representation.

The majority bases its holding, in part, on a claimed "lapse" of defense counsel in failing to object to Barnwell's limited-use testimony. In People v Rivera, this Court held that

in order "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure" to object (71 NY2d 705, 709 [1988]). "Absent such a showing, it will be presumed that [defense] counsel acted in a competent manner and exercised professional judgment" in choosing not to object (id.). We further noted that only "in the rare case, it might be possible from the trial record alone to reject all legitimate explanations for counsel's failure" (id.).

In this case, the majority ignores the fact that the People offered a number of strategic reasons why defense counsel may not have objected to Barnwell's limited-use testimony. For instance, defense counsel may have decided not to object in order to avoid focusing the jury's attention to Barnwell's testimony altogether (see People v Taylor, 1 NY3d 174, 177 [2003]). Just prior to the line of questioning concerning the threat, Barnwell had provided damaging testimony that before the shootings she overheard defendant threaten to kill one of the victims.

Alternatively, defense counsel may have sought to use Barnwell's testimony to defendant's advantage by calling attention to her difficulties in testifying. It is evident from the record that throughout the prosecution's case-in-chief Barnwell appeared uncooperative, hesitant and unreliable. In fact, the prosecution asked 11 questions -- with two objections by defense counsel -- before finally eliciting testimony from

Barnwell that she overheard defendant threaten that he was going to shoot the victim.  Additionally, Barnwell was unable to recall the threat defendant directed at her without the use of her prior statement to the police.  Defense counsel had good reason to believe that Barnwell would continue to undercut her own credibility with her continued reluctance and vacillations.

Also evident from the record is defense counsel's execution of this strategy.  On cross examination, defense counsel challenged Barnwell's inability to recall the threat without use of a prior recollection recorded.  In summation, defense counsel argued at length about Barnwell's unreliable testimony, stressing her relationship to the victims and further urging the jurors to disregard her statements.  In particular, he argued:

> "You cannot separate some of what she says from her manner in which she says it.  This is a case where if you ask to have her testimony read back and then you listen to it, it might make a degree of sense.  But you have to remember that when she was testifying, the judge had to instruct her at one point to answer the question.  And the second thing is the most critical piece of evidence she claims she has, she tells the District Attorney she forgot.  Well, I forgot that.  She had to go off and read her statement, then says, oh, yea, now I remember."

Towards the end of summation, defense counsel returned to Barnwell's credibility, urging the jury to find Barnwell's testimony unbelievable.  What is more, the jury requested a read-back of Barnwell's testimony and nonetheless remained deadlocked.

Therefore, "[t]he decision not to object to prosecutorial actions . . . simply 'reflect[ed] a reasonable and legitimate strategy under the circumstances and evidence presented'" (Taylor, 1 NY3d at 177, quoting People v Tonge, 93 NY2d 838, 840 [1999]).  Accordingly, while defense counsel's decision not to object may have been debatable, it is beyond me how the majority can possibly state, on this record, that "defendant met his burden of establishing the absence of strategic or legitimate reasons for counsel's failure to invoke the court's prior preclusion ruling" (maj mem, at 2).

Furthermore, I disagree with the majority's conclusion that defendant, on this record, met his burden of establishing the absence of strategic or other legitimate explanations for the presentation of an alibi defense through the testimony of defendant's girlfriend and mother.

Here, the subject murders occurred at approximately 1:20 a.m. on Tuesday, June 4, 1991.  Two alibi witnesses, defendant's girlfriend and her mother, testified to defendant's whereabouts on the evening of June 3rd and the early morning hours of June 4th, but incorrectly identified the days of the week on which those dates fell.

As the Appellate Division acknowledged, in reliance on People v Cabrera, 234 AD2d 557, 558 (1996), People v Long, 81 AD2d 521, 521-522 (1981), and Henry v Poole, 409 F3d 48, 65-66 (2005), cert denied 547 US 1040 (2006), presenting an alibi

defense for the wrong date or time has been found to constitute ineffective assistance of counsel (113 AD3d 1058, 1061 [4th Dept 2014]).  However, in each of these cases, the defense counsel interjected the errors into the alibi witnesses' testimony.  In Cabrera, the defense counsel's questions focused on a Friday evening when the robbery of which the defendant was convicted occurred early Friday morning (see 234 AD2d at 558).  In Long, the defense counsel "direct[ed] [the witness's] attention to July 22, 1978 in the evening of that day" when the robbery actually occurred in the early morning hours of July 22 (81 AD2d at 521).  Likewise, in Henry, the attorney specifically keyed the testimony in his question to the night of August 10, 24 hours after the robbery, thereby leading the witness to testify as to the incorrect night (see 409 F3d at 64).

In this case, however, defense counsel never directed the alibi witnesses to the incorrect days of the week; he only questioned them with respect to their memory of June 3 and 4, the day before and the day of the murders.  The alibi witnesses gratuitously and erroneously offered that they were providing alibis for a Friday morning even though defense counsel questioned them specifically about June 3 and 4.  Defense counsel cannot possibly be faulted for the witnesses' failed memories or for their addition of details that were deleterious to defendant's alibi defense.

To the extent the majority suggests that defense

counsel was in fact responsible for the discrepancies exposed in the alibi witnesses' testimony, it is suggesting that defense counsel suborned perjury and such a claim is predicated on facts not found in the record on appeal.[1]

In short, it is impossible on the record on appeal alone to reject all legitimate explanations for defense counsel's alleged errors and therefore determine defendant was denied effective assistance of counsel. The claims should be raised in a postconviction application under CPL article 440, where the basis of the claims may be fully developed (see People v Brown, 45 NY2d 852 [1978]).

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Order affirmed, in a memorandum. Chief Judge Lippman and Judges Read, Rivera, Abdus-Salaam and Stein concur. Judge Pigott dissents in an opinion. Judge Fahey took no part.

Decided April 7, 2015

---

[1] See generally Manuel Berrélez et al., Note, *Disappearing Dilemmas: Judicial Construction of Ethical Choice as Strategic Behavior in the Criminal Defense Context*, 23 Yale L. & Pol'y Rev. 225 (2005).