# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

774
CAF 13-01206
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

IN THE MATTER OF ANNABELLA B.C.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

SANDRA L.C., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID E. BLACKLEY, ATTORNEY FOR THE CHILD, LOCKPORT.

--------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered June 5, 2013 in a proceeding pursuant to Family Court Act article 10.  The order, among other things, adjudged that respondent had neglected the subject child.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum:  In appeal No. 1, respondent appeals from an order of fact-finding and disposition entered on consent of the parties and the Attorney for the Child determining that her daughter is a neglected child (*see* Family Ct Act § 1051 [a]).  In appeal No. 2, respondent appeals from an order settling the record on appeal.  Family Court refused to include in the record on appeal the transcript of a proceeding before a court attorney referee two months after the court's determination wherein respondent told the referee that she consented to the order because she was coerced by her attorney to do so.

Addressing first the order in appeal No. 2, contrary to respondent's contention, the court properly refused to include the transcript in the record on appeal in appeal No. 1 inasmuch as the court's determination in appeal No. 1 was not based upon that information (*see Balch v Balch* [appeal No. 2], 193 AD2d 1080, 1080; *see also Matter of Cicardi v Cicardi*, 263 AD2d 686, 686; *see generally Paul v Cooper* [appeal No. 2], 100 AD3d 1550, 1551, *lv denied* 21 NY3d 855).  Inasmuch as the order at issue in appeal No. 1 was entered upon the consent of the parties, appeal No. 1 must be dismissed (*see Matter of Holly B. [Scott B.]*, 117 AD3d 1592, 1592; *Matter of Cherilyn P.*,

192 AD2d 1084, 1084, *lv denied* 82 NY2d 652).

Entered:  June 12, 2015                    Frances E. Cafarell
                                          Clerk of the Court