People v Jarvis (2019 NY Slip Op 02206)





People v Jarvis


2019 NY Slip Op 02206


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND CURRAN, JJ.


6 KA 16-00980

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KHARYE JARVIS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 2, 2016. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of two counts of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant's sole contention on appeal is that Supreme Court erred in failing to determine at sentencing whether he should be afforded youthful offender status. We agree.
Defendant was previously tried and convicted by a jury in 1992 on two counts of murder in the second degree (Penal Law § 125.25 [1]), and we affirmed the judgment of conviction on direct appeal (People v Jarvis, 202 AD2d 1036 [4th Dept 1994], lv denied 83 NY2d 968 [1994]). In 2012, defendant moved for a writ of error coram nobis in this Court, asserting that appellate counsel was ineffective in failing to raise an issue on direct appeal that would have resulted in reversal, i.e., failing to argue ineffective assistance of trial counsel. We granted the writ, vacated the prior order, and on de novo review we reversed the judgment and granted defendant a new trial (People v Jarvis, 113 AD3d 1058, 1059 [4th Dept 2014], affd 25 NY3d 968 [2015]). On remittal, defendant pled guilty to two counts of manslaughter in the first degree.
As noted, defendant correctly contends that the court erred in failing to determine whether he should be afforded youthful offender status. Further, that contention survives his valid waiver of the right to appeal (see People v Pacherille, 25 NY3d 1021, 1023 [2015]). Defendant was 17 years old at the time he committed the underlying crimes and, based on the record before us, he appears to be an eligible youth within the meaning of CPL 720.10 (2). Defendant was sentenced, however, without the benefit of an updated presentence report. The court obtained from defendant a waiver of an updated report, which is generally permissible where, as here, the "defendant had been continually incarcerated between the time of the initial sentencing and resentencing and at the time of . . . resentencing [the defendant] was afforded the opportunity to supply information about his [or her] subsequent conduct" (People v Kuey, 83 NY2d 278, 282-283 [1994]; see People v Cobado, 104 AD3d 1322, 1322-1323 [4th Dept 2013]). Nonetheless, "[w]hen determining whether a defendant is an eligible youth, the defendant's status at the time of the conviction—in this case at the time of his plea of guilty—is controlling" (People v Brooks, 160 AD3d 762, 764 [2d Dept 2018], lv denied 31 NY3d 1115 [2018]; see People v Cecil Z., 57 NY2d 899, 901 [1982]; People v Michael A.C. [appeal No. 2], 128 AD3d 1359, 1360 [4th Dept 2015], lv denied 25 NY3d 1168 [2015]). The original presentence report prepared in 1992 on which the court relied is insufficient to establish that defendant was an eligible youth at the time he pled guilty to the manslaughter counts in 2016. We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether [*2]defendant is an eligible youth within the meaning of CPL 720.10 (2) with the benefit of an updated presentence report and, if so, whether defendant should be afforded youthful offender status.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court