Matter of Edward T. (Salvador T.) (2019 NY Slip Op 06359)





Matter of Edward T. (Salvador T.)


2019 NY Slip Op 06359


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


756 CAF 18-00935

[*1]IN THE MATTER OF EDWARD T. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SALVADOR T., RESPONDENT, AND MARIA T., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






SCOTT T. GODKIN, WHITESBORO, FOR RESPONDENT-APPELLANT.
JOHN A. HERBOWY, UTICA, FOR PETITIONER-RESPONDENT.
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered February 23, 2018 in a proceeding pursuant to Family Court Act article 10. The order determined the subject child to be neglected. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order of fact-finding determining, following a hearing, that she and respondent father neglected the subject child (see Family Ct Act
§ 1012 [f] [i] [B]). In appeal No. 2, the mother appeals from an order of disposition entered on consent of the parties that continued the placement of the subject child with petitioner, Oneida County Department of Social Services (DSS). Inasmuch as the order at issue in appeal No. 2 was entered upon the consent of the parties, appeal No. 2 must be dismissed (see Matter of Annabella B.C. [Sandra L.C.], 129 AD3d 1550, 1550-1551 [4th Dept 2015]; see also Matter of Cherilyn P., 192 AD2d 1084, 1084 [4th Dept 1993], lv denied 82 NY2d 652 [1993]) because the mother is not an aggrieved party (see CPLR 5511; Family Ct Act § 1118).
In appeal No. 1, the mother contends that Family Court erred in finding that she neglected the subject child because DSS failed to prove that the child was in imminent danger and because she acted as any reasonably prudent parent would have acted under the circumstances. We reject those contentions. DSS established by a preponderance of the evidence that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired, and that the actual or threatened harm to the child was a consequence of the mother's failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Justin M.F. [Randall L.F.], 170 AD3d 1514, 1515 [4th Dept 2019]).
Here, the subject child, who has autism and is nonverbal, was left alone in the home for multiple hours with the mother's teenage daughter, who also has autism. The daughter acknowledged that she could not care for the subject child, and the father, along with the family's caseworker from DSS and a service coordinator from Family Advocacy Center, Inc. (FAC), confirmed that the daughter was not capable of caring for the subject child. The daughter's own individual service plan with FAC specified that she was not to be left home alone, much less left alone to supervise the subject child. When staff from FAC and DSS arrived at the home, the subject child and the daughter were observed alone without supervision, a second-floor window [*2]was found open, and the subject child was seen attempting to turn on the stove. Thus, we conclude that DSS established that the danger to the subject child was "near or impending" and thus imminent (Nicholson, 3 NY3d at 369; cf. Matter of Lacey-Sophia T.-R. [Ariela (T.)W.], 125 AD3d 1442, 1444-1445 [4th Dept 2016]).
Furthermore, contrary to the mother's contention, the neglectful conduct that exposed the subject child to imminent danger was the mother's failure to prevent the subject child from being left in the care of the daughter. The record demonstrates that the mother knew she needed help caring for the subject child long before the situation in question arose, and she had years to complete and submit the necessary paperwork to secure appropriate services for the child. The mother, however, failed to do that which was necessary to obtain the assistance needed to prevent such a situation from arising. By not taking the steps to have the services in place, she failed to exercise a minimum degree of care (see generally Nicholson, 3 NY3d at 370).
Finally, we reject the mother's contention that the court should have continued placement of the child without adjudicating the neglect petition. "[T]he dispositional remedies provided for in Family Court Act §§ 1052 through 1059 are available to the court only after a child is found by the court to be abused or neglected" (Matter of Rasha B., 139 AD2d 962, 963 [4th Dept 1988]; see generally Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 284-285 [2017]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court