■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AJANI OFUNNIYIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered March 31, 1981, convicting him of criminal possession of marihuana in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

After securing a favorable Sandoval ruling precluding the prosecution from inquiring into defendant's prior conviction, defense counsel himself asked the defendant if he ever had been convicted of a crime. The defendant, apparently believing, on the basis of the *Sandoval* ruling, that he did not have to admit the conviction, answered the question untruthfully. The prosecutor immediately objected, whereupon the court permitted defense counsel to "cure" the error by allowing counsel to elicit defendant's admission that he had, in fact,

been convicted. During the summation the prosecutor utilized defendant's initial untruthful response in regard to the conviction to impeach defendant's credibility. Moreover, the jury's first request, during its deliberation, for testimony was for the portion of defendant's testimony dealing with the prior conviction.

On appeal, defendant contends, *inter alia,* that his counsel's inexplicable eliciting of the prior conviction after achieving its exclusion following a *Sandoval* hearing represented ineffective assistance of counsel requiring reversal of his conviction. We agree.

The charges at bar stem from the discovery of approximately 86 pounds of marihuana in defendant's suitcases, which were searched at the customs counter at John F. Kennedy International Airport upon his arrival from Nigeria. At trial defendant took the stand and testified that his friend and codefendant Fadahunsi, who absconded prior to trial, had gone to Nigeria approximately one month before defendant. Before his departure from the United States, Fadahunsi borrowed the two suitcases in question from the defendant to carry his personal belongings. When defendant went to Nigeria he took only one canvas tote-bag in which he packed his camera and clothing. Defendant and Fadahunsi left Nigeria together to return to the United States on March 21, 1980. According to defendant, before the two men departed Nigeria for the United States, defendant packed his tote-bag and Fadahunsi packed the subject suitcases. Defendant testified that he was not present while Fadahunsi packed the bags and was unaware of their contents. He had been told by Fadahunsi that the suitcases contained clothing and textiles. Furthermore defendant did not have the claim tickets for the baggage in his possession. When Fadahunsi was located in the airport terminal, he was found to be in possession of the claim tickets for all of the luggage.

Under the circumstances of this case, defendant's credibility as a witness was of paramount importance since the success of his lack of knowledge defense hinged upon the jury's acceptance of his explanation. This was the sole issue in the case. Viewed from this perspective, it is clear that defendant's testimony was transformed into a devastating liability when his counsel elicited the existence of a prior conviction and entangled his client in an apparently damaging lie. Moreover, the obvious impact which this testimony had on the jury is reflected by the fact that the jury specifically requested a readback of that portion of defendant's testimony dealing with

his prior conviction as its first request during the course of deliberation.

It has been consistently recognized that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146; *People v Droz,* 39 NY2d 457). Thus, the courts have been reluctant to brand an attorney's performance as ineffective when the course of conduct complained of can be characterized as a strategy or trial tactic which was simply unsuccessful *(People v Zaborski,* 59 NY2d 863, 864; *People v Eddy,* 95 AD2d 956, 957). At bar, however, defense counsel's inexplicable attempt to elicit the prior conviction simply cannot be construed as a " 'misguided though reasonably plausible strategy decision' " *(People v Zaborski, supra,* at pp 864-865, quoting from *People v Bell,* 48 NY2d 933, 935). Nor is it the type of miscalculation which can be explained away as attributable to the inevitable residuum of errors which will occur at any trial. The error of counsel herein is sufficiently serious to have deprived defendant of a fair trial, especially when defendant's credibility was of primary importance in establishing his defense.

We note that defense counsel's error was further compounded by the trial court's failure to specifically inform the jury that the inference of knowledge from possession of the contraband was only a permissive inference *(see, People v Simmons,* 32 NY2d 250; *People v Alvarez,* 96 AD2d 864). While no objection was registered to that portion of the court's charge, it is clear that the inadequate instruction was highly prejudicial to defendant since his entire defense was premised upon a denial of knowledge.

Furthermore, the testimony regarding the fact that the codefendant had absconded from the jurisdiction prior to trial should not have been excluded from evidence. Evidence of flight is admissible as some indication of an accused's consciousness of guilt *(see, People v Limage,* 57 AD2d 906, *affd* 45 NY2d 845). In the usual circumstance, evidence of flight of a codefendant is not admissible as to the nonfleeing defendant. Such nonadmissibility is based upon the premise that its purpose is to protect the nonfleeing defendant against unwarranted inferences, which may reflect unfavorably against the nonfleeing defendant *(see, United States v Lobo,* 516 F2d 883, *cert denied* 423 US 837; *United States v Schwartz,* 535 F2d 160, 165, *cert denied* 430 US 906). However, a defendant is free to attempt to exculpate himself from criminal liability by

establishing that his codefendant, rather than himself, is guilty of the charged crime *(see, People v Carter,* 86 AD2d 451, 457). In the case at bar, the fact that Fadahunsi absconded was evidence tending to establish the codefendant's consciousness of guilt and was thus relevant to defendant's defense of his lack of knowledge as to the presence of the marihuana. Accordingly, the exclusion of this evidence denied defendant his right to establish his defense.

In view of the above, reversal of defendant's judgment of conviction and the ordering of a new trial are warranted. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.