■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 17, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

We find nothing in the record indicating that defendant was deprived of the effective assistance of counsel. Defense counsel's decision to introduce evidence of defendant's good character was employed as a trial strategy designed to rebut the People's proof that defendant was a violent person. Mere losing trial tactics do not constitute ineffective assistance of counsel when the attorney has provided "meaningful representation", considering all of the facts and circumstances of the particular case *(People v Baldi,* 54 NY2d 137, 146-147; *cf. People v Ofunniyin,* 114 AD2d 1045).

We decline to invoke our discretion to modify the sentence imposed by the trial court *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON SANTIAGO, Appellant.—Appeal by defendant from four judgments of the Supreme Court, Kings County (Coffinas, J.), all rendered March 5, 1984, convicting him of attempted burglary in the first degree under indictment No. 3374/83, burglary in the second degree under indictment No. 4909/83, attempted burglary in the second degree under indictment No. 6579/83, and burglary in the second degree under indictment No. 6634/83, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.