■ LORI ANNE STAPPENBECK, Formerly Known as LORI ANNE OPDYKE, Appellant, v DAVID C. OPDYKE, Respondent. [636 NYS2d 678] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Stander, J. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Custody.) Present—Green, J. P., Lawton, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA CHANNER, Also Known as DANA GIBSON, Appellant. [635 NYS2d 915] — Judgment unanimously affirmed. Memorandum: Defendant was not denied her statutory right to a speedy trial (see, CPL 30.30 [1] [a]). The People established that, from the commencement of the criminal action on January 30, 1992 until the arraignment on October 22, 1992, defendant's location was unknown and could not be determined by due diligence (see, CPL 30.30 [4] [c]; People v Delaronde, 201 AD2d 846). Thus, that period of delay is excludable from the period within which the People were required to be ready for trial (see, CPL 30.30 [4] [c]). Because only 62 days of delay preceding the announcement of readiness are chargeable to the People, and defendant does not rely on any periods of postreadiness delay, County Court properly denied the motion to dismiss the indictment pursuant to CPL 30.30.

The expanded charge on identification evidence was proper; the court was not required to give the more detailed charge requested by defense counsel (see, People v Whalen, 59 NY2d 273, 279; 1 CJI[NY] 10.01). The court properly permitted the People to introduce defendant's passport along with expert testimony that four stamps on the passport were counterfeit. That evidence was admissible to rebut defendant's alibi (see generally, People v Knight, 80 NY2d 845, 847; People v Olsen, 100 Misc 2d 947, 949). The contention that defendant was denied effective assistance of counsel is based upon matters outside the record and is not subject to review on direct appeal (see, People v Simmons, 221 AD2d 994; People v Ford, 184 AD2d 1013, lv denied 80 NY2d 929). (Resubmission of Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.