# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1399**

**KA 10-00852**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TYRONE A. WEBB, DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 10, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We agree with defendant that he was deprived of effective assistance of counsel based on, inter alia, defense counsel's elicitation of testimony from defendant concerning a prior conviction that had been excluded by County Court. We therefore reverse.

The court's *Sandoval* ruling permitted the People to cross-examine defendant regarding three of his prior convictions but precluded any questions with respect to his fourth prior conviction, for attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). Despite obtaining that ruling, defense counsel asked defendant to list his prior convictions, thereby eliciting testimony regarding the fourth prior conviction that had been excluded. To compound the error, defense counsel did not object to the prosecutor's additional questions regarding the underlying facts of that conviction, including the facts that defendant sold drugs to an undercover officer and then ran from the police prior to apprehension. The evidence of defendant's flight from the police was particularly prejudicial here, inasmuch as the People presented evidence that defendant fled from the police in the case before us. Thus, "defense counsel's inexplicable . . . elicit[ation of] the

[fourth] prior conviction simply cannot be construed as a misguided though reasonably plausible strategy decision . . . The error of [defense] counsel herein is sufficiently serious to have deprived defendant of a fair trial, especially when defendant's credibility was of primary importance in establishing his defense" (*People v Ofunniyin*, 114 AD2d 1045, 1047 [internal quotation marks omitted]; *see People v Zaborski*, 59 NY2d 863, 864-865).

In addition, defendant was deprived of effective assistance of counsel based on defense counsel's failure to object when the prosecutor elicited testimony from a defense witness on cross-examination that defendant's nickname was "Threat," and based on defense counsel's failure to object to the prosecutor's comment on summation that the jury should consider defendant's nickname as evidence that he possessed the weapon at issue (*see People v Lauderdale*, 295 AD2d 539, 540-541; *see also People v Ramos*, 139 AD2d 775, 776-777, *appeal dismissed* 73 NY2d 866; *see generally People v Santiago*, 255 AD2d 63, 65-66, *lv denied* 94 NY2d 829). The People's contention that the prosecutor elicited the nickname to establish the witness's familiarity with defendant is belied by the record. The witness testified that he had known defendant for 16 years, and thus there was no issue regarding his identification of defendant. Furthermore, the prosecutor asked the jurors on summation whether they thought defendant's nickname was Threat "because he was riding a bike down the street with no bell on it? You think [his nickname was] Threat because he was riding down the street drinking a beer? No. [His nickname was] Threat because he possessed that gun."

Defendant's remaining contentions are academic in light of our determination.

Entered: December 23, 2011                    Frances E. Cafarell
                                              Clerk of the Court