# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**79**

**KA 10-01061**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN TOLLIVER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN TOLLIVER, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 4, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We reject the contention of defendant in his main and pro se supplemental briefs that he was denied a fair trial based on the use of his nicknames "Crim" and "Criminal" in the indictment. Supreme Court properly instructed the jury that the indictment contained "simply . . . accusation[s]" and "was not in any way evidence" of those accusations (*see People v Johnson*, 253 AD2d 702, 703-704, *lv denied* 92 NY2d 1031, 1034). In addition, inasmuch as several of the People's witnesses knew defendant only by his nicknames, it was permissible for the People to elicit testimony regarding those nicknames at trial for identification purposes (*see People v Hoffler*, 41 AD3d 891, 892, *lv denied* 9 NY3d 962, 963; *People v Caver*, 302 AD2d 604, *lv denied* 99 NY2d 652, 653). Indeed, the court instructed the jury that the evidence concerning defendant's nicknames was "competent for one particular purpose only: [e]stablishing the identity of the [d]efendant." Defendant's further contention in his main and pro se supplemental briefs that the prosecutor's use of the nicknames during summation constituted misconduct is not preserved for our review (*see Caver*, 302 AD2d 604). In any event, any error with respect to the prosecutor's use of the nicknames is harmless inasmuch

as the evidence of defendant's guilt was overwhelming and there was no significant probability that defendant would have been acquitted but for the alleged error, especially in light of the court's instruction to the jury (*see id.; see generally People v Crimmins*, 36 NY2d 230, 241-242).  We reject defendant's contention in his main and pro se supplemental briefs that defense counsel was ineffective in failing to object to comments made by the prosecutor during summation (*see People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954).

Defendant's challenge to the legal sufficiency of the evidence corroborating the testimony of his accomplice, raised in his main and pro se supplemental briefs, is unpreserved for our review because he did not raise the issue of accomplice corroboration in his general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19).  In any event, defendant's challenge is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  We reject defendant's contention in his main brief that he was denied effective assistance of counsel based on the failure of defense counsel to move for a trial order of dismissal on that ground (*see generally People v Baldi*, 54 NY2d 137, 147).  "Defendant has not shown that [such a] motion, if made, would have been successful and thus has failed to establish that defense counsel was ineffective in failing to make such a motion" (*People v Borcyk*, 60 AD3d 1489, 1490, *lv denied* 12 NY3d 923).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we accord great deference to the jury's resolution of credibility issues and conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his further contention in his main brief that the ruling constitutes an abuse of discretion (*see People v Brown*, 39 AD3d 1207, *lv denied* 9 NY3d 921; *People v Alston*, 27 AD3d 1141, *lv denied* 6 NY3d 892).  In any event, the court's *Sandoval* ruling did not constitute a " 'clear abuse of discretion' " warranting reversal (*People v Nichols*, 302 AD2d 953, 953, *lv denied* 99 NY2d 657; *see People v Reid*, 34 AD3d 1273, *lv denied* 8 NY3d 884).  The prior convictions in question were relevant to the credibility of defendant (*see People v Marquez*, 22 AD3d 388, 391, *lv denied* 6 NY3d 778).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 16, 2012                      Frances E. Cafarell
                                              Clerk of the Court