# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1009**

**KA 10-01955**

PRESENT: FAHEY, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

KHARYE JARVIS, DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Charles T. Maloy, J.), rendered October 28, 1992. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: Following a jury trial in 1991, defendant was convicted of two counts of murder in the second degree (Penal Law § 125.25 [1]), and we affirmed the judgment of conviction on direct appeal (*People v Jarvis*, 202 AD2d 1036, *lv denied* 83 NY2d 968). In 2012, defendant moved for a writ of error coram nobis in this Court, asserting that appellate counsel was ineffective in failing to raise an issue on direct appeal that would have resulted in reversal, i.e., failing to argue ineffective assistance of trial counsel. We granted the writ and vacated our prior order (*People v Jarvis*, 98 AD3d 1323, *lv denied* 20 NY3d 1012), and we now consider the appeal de novo. Defendant's sole contention is that he is entitled to a new trial because he was deprived of effective assistance of counsel. We agree.

The right to effective assistance of counsel is guaranteed by both the Federal and State Constitutions (US Const, 6th Amend; NY Const, art I, § 6). The constitutional requirement is met provided that the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147). In reviewing claims of ineffective assistance of counsel, our concern is to avoid "confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*id*. at 146). As long as there was a "reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, [the

representation] will not fall to the level of ineffective assistance" (*People v Benevento*, 91 NY2d 708, 712-713).  It is " 'incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' " for counsel's alleged failures (*id*. at 712, quoting *People v Rivera*, 71 NY2d 705, 709; *see People v Roundtree*, 75 AD3d 1136, 1138, *lv denied* 15 NY3d 855).  "[I]t is well settled that disagreement over trial strategy is not a basis for a determination of ineffective assistance of counsel" (*People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 11 NY3d 924; *see People v Henry*, 74 AD3d 1860, 1862, *lv denied* 15 NY3d 852; *see generally Benevento*, 91 NY2d at 712-714).  As the Court of Appeals recently observed, "[c]ounsel's performance must be evaluated to determine whether the tactics and strategies were consistent with . . . [t]he test [of] 'reasonable competence' " (*People v Oathout*, 21 NY3d 127, 128).  While perfect representation is not required, "that test cannot be so weak as to deny a defendant adequate due process" (*id*. at 128-129).

In our view, defense counsel committed two serious errors that rendered his representation ineffective.  The first error, which was sufficiently egregious by itself to deny defendant a fair trial, was defense counsel's inexplicable failure to object to testimony that he had successfully sought to preclude.  Defense counsel obtained a ruling from County Court precluding the People, on their direct case, from questioning a certain prosecution witness about an alleged threat by defendant that he would shoot her if she "knew what happened" with respect to the murders herein.  Nevertheless, defense counsel failed to object or move for a mistrial when the prosecutor, on the People's direct case, elicited that very testimony from the witness.  We conclude that "defendant has demonstrated the absence of any strategic or other legitimate explanation for his attorney's" failure to object to the introduction of this prejudicial and previously precluded testimony (*People v Cleophus*, 81 AD3d 844, 846).  Moreover, after defense counsel failed to object to the admission of that precluded testimony, the prosecutor continued to use that testimony to full advantage, arguing on summation that the threat to the prosecution witness "puts the [d]efendant [at the crime scene] just as easily as any person you saw in there" (*People v Webb*, 90 AD3d 1563, 1564-1565, *amended* 92 AD3d 1268).  Defense counsel's error in failing to object to the testimony of the prosecution witness "simply cannot be construed as a misguided though reasonably plausible strategy decision" (*id*. at 1564; *see People v Jeannot*, 59 AD3d 737, 737, *lv denied* 12 NY3d 916; *People v Ofunniyin*, 114 AD2d 1045, 1046-1047), and " 'is sufficiently serious to have deprived defendant of a fair trial' " (*Webb*, 90 AD3d at 1564).

Compounding the above error was defense counsel's use of a flawed alibi defense.  "[I]t is generally acknowledged that an attempt to create a false alibi constitutes evidence of the defendant's consciousness of guilt" (*Henry v Poole*, 409 F3d 48, 65, *cert denied* 547 US 1040 [internal quotation marks omitted]).  " 'If the prosecution can establish the falsity of an alibi . . . , [a defendant's] case is as good as lost' " (*id*.).  Here, the subject murders occurred at approximately 1:20 a.m. on Tuesday, June 4, 1991.  Two alibi witnesses, defendant's girlfriend and her mother, testified

to defendant's whereabouts on the evening of June 3rd and the early morning hours of June 4th, but incorrectly identified the days of the week on which those dates fell. After the mother first incorrectly identified June 4th as a Friday on direct examination, defense counsel compounded her error by asking, "Ten minutes to two Friday morning? That would have been June 4th?," to which the mother responded, "Yes." On cross-examination, the mother testified that defendant was at her home on the evening of Friday, June 3rd, and that the following day was Saturday, June 4th. The prosecutor further emphasized the mother's mistake by asking her about other events that occurred on those days, including a television show that she watched on Friday night and a birthday party for her twin granddaughters held that Saturday. On rebuttal, the People called a witness who established that the subject television program did in fact air on Friday night and not Monday night. The cross-examination of defendant's girlfriend with respect to defendant's alibi also established the girlfriend's mistaken belief that June 3rd was a Friday and that June 4th was a Saturday. The court granted the People's request to take judicial notice of the fact that June 3, 1991 was a Monday and June 4, 1991 was a Tuesday, which further highlighted for the jury that defendant's alibi witnesses had given erroneous testimony. We note, too, that the People took full advantage of the poorly-presented alibi defense during summation, denigrating it as a "Hollywood charade."

Presenting an alibi defense for the wrong date or time has been found, by itself, to constitute ineffective assistance of counsel (*see People v Cabrera*, 234 AD2d 557, 558; *People v Long*, 81 AD2d 521, 521-522; *see also Henry*, 409 F3d at 65-66). We conclude that presenting an alibi defense for the wrong day of the week, as occurred here, similarly constitutes ineffective assistance of counsel inasmuch as offering patently erroneous alibi testimony cannot be construed as a plausible strategy (*see Webb*, 90 AD3d at 1564).

In light of the two serious errors of defense counsel, we reverse the judgment of conviction and grant a new trial.

All concur except VALENTINO and WHALEN, JJ., who dissent and vote to affirm in the following Memorandum: We respectfully dissent. We disagree with the majority's conclusion that defendant was deprived of effective assistance of counsel, and we therefore would affirm the judgment of conviction.

First, we cannot agree with the majority that defense counsel was ineffective for failing to object when the prosecutor elicited testimony from a certain prosecution witness that defendant threatened her, despite County Court's pretrial ruling precluding such testimony. In our view, defendant failed to meet his burden of establishing the absence of a strategic or other legitimate explanation for defense counsel's failure to object to that testimony (*see People v Benevento*, 91 NY2d 708, 712; *People v Rivera*, 71 NY2d 705, 709; *see also People v Baker*, 14 NY3d 266, 270-271; *People v Atkins*, 107 AD3d 1465, 1465, *lv denied* 21 NY3d 1040). For instance, defense counsel may have decided not to object in order to avoid focusing the jury's attention on the testimony of the witness (*see People v Taylor*, 1 NY3d 174, 177); he

may have sought to use the testimony of the witness to defendant's advantage by calling attention to her inability to recall the threat, rather than requesting that the court strike her testimony and give a curative instruction; or, he may have made a tactical decision to allow the prosecutor to elicit testimony concerning the threat on direct examination rather than on rebuttal, if defense counsel suspected that he might be forced to open the door to the testimony on cross-examination of the witness.

We further disagree with the majority's conclusion that defendant met his burden of establishing the absence of strategic or other legitimate explanations for defense counsel's decision to present an alibi defense through the testimony of defendant's girlfriend and mother (*see generally Benevento*, 91 NY2d at 712). We conclude that the cases relied upon by the majority—*People v Cabrera* (234 AD2d 557, 558) and *People v Long* (81 AD2d 521, 521-522)—do not compel reversal in the instant case. In those cases, the alibi witnesses testified to being with the respective defendants 18 to 24 hours after the time of the crimes therein. Consequently, in each case, the attorney for the defendant knew that such alibi testimony was not probative on the issue of defendant's innocence.

Here, defense counsel called three witnesses whose testimony on direct examination established an alibi for defendant for the time of the crime. On cross-examination, the prosecutor showed a single discrepancy in the alibi defense, i.e., that the television show that defendant was purportedly watching, according to the testimony of one of the three alibi witnesses, was not airing at the time that the witness specified. We note, however, that the remaining two alibi witnesses did not tie their testimony to the television show. Thus, in our view, the prosecutor did not conclusively establish that the alibi was false; rather, that was an issue for the jury to resolve. Given those circumstances, we cannot conclude that defense counsel's presentation of the alibi defense through the three alibi witnesses constitutes ineffective assistance of counsel (*see People v Johnson*, 30 AD3d 1042, 1043, *lv denied* 7 NY3d 790, *reconsideration denied* 7 NY3d 902; *People v Channer*, 222 AD2d 1023, 1023). Under the majority's analysis, defense counsel would have to be prescient to know that the prosecutor was going to cross-examine one of the witnesses with respect to the television show and then establish that the witness was incorrect about the time that it aired. We refuse to hold defense counsel to such a standard.

Defense counsel's otherwise impressive representation contradicts defendant's contention that he was denied effective assistance of counsel. Defense counsel thoroughly cross-examined the witnesses and presented a unified defense theory, with the result that the jury was compelled to deliberate for an extended period of time despite strong

evidence incriminating defendant.

Entered:  January 3, 2014                    Frances E. Cafarell
                                            Clerk of the Court