# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**8**

**KA 07-01257**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MARLO L. COLLIER, ALSO KNOWN AS "KILLER,"
DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (JON P. GETZ OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Francis A. Affronti, J.), rendered January 9, 2007.  The judgment
convicted defendant, upon a jury verdict, of murder in the second
degree, robbery in the first degree, kidnapping in the second degree
and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law and a new trial is granted.

Memorandum:  Defendant appeals from a judgment convicting him
upon a jury verdict of murder in the second degree (Penal Law § 125.25
[3]), robbery in the first degree (§ 160.15 [2]), kidnapping in the
second degree (§ 135.20), and assault in the second degree (§ 120.05
[2]).  Defendant failed to preserve for our review his contention that
the evidence is legally insufficient to establish his identity as one
of the perpetrators of the offenses inasmuch as he made only a general
motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10,
19).  Contrary to defendant's further contention, viewing the evidence
in light of the elements of the crimes as charged to the jury (*see
People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is
not against the weight of the evidence (*see generally People v
Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that he was deprived of a fair
trial by references to his nickname, "Killer," made by two prosecution
witnesses and by the prosecutor five times during summation.  To the
extent that this issue is not preserved for our review (*see People v
Caver*, 302 AD2d 604, 604, *lv denied* 99 NY2d 653), we agree with
defendant that he was deprived of effective assistance of counsel
based on defense counsel's failure to object when the prosecutor
elicited that testimony and made those remarks on summation (*see

*People v Webb*, 90 AD3d 1563, 1564-1565, *amended on rearg* 92 AD3d 1268). The references to defendant's nickname were highly prejudicial and had minimal, if any, probative value inasmuch as the witnesses knew defendant by his given name (*see id.* at 1565; *People v Santiago*, 255 AD2d 63, 66, *lv denied* 94 NY2d 829; *cf. People v Tolliver*, 93 AD3d 1150, 1150-1151, *lv denied* 19 NY3d 968). At one point during his summation, the prosecutor remarked that "[o]n the street [defendant] has another nickname, it is Killer. There's a reason for that." In doing so, the prosecutor was improperly urging the jurors to "consider defendant's nickname as evidence that he [committed murder]" (*Webb*, 90 AD3d at 1565).

We further agree with defendant that reversal is warranted based on Supreme Court's dismissal of the first jury panel. The first jury panel of approximately 36 people were sworn, and the court called 14 prospective jurors to be seated in the jury box. The court asked preliminary questions and, as the court excused certain prospective jurors based on inconvenience or hardship, the court would seat another prospective juror in the jury box. After the court excused approximately 10 prospective jurors, defense counsel informed the court that he was "concerned about the fact that the [c]ourt [wa]s frustrated with the excuses," and was "afraid of the spi[ll]-over effect to the other [prospective] jurors sitting there[, who may] . . . be more defensive than they should be and more disdainful of the fact that they [we]re being kept" there. The court did not agree with defense counsel that the prospective jurors had been angered by its comments, but asked whether defense counsel wanted the court to discharge the entire panel. Although defense counsel repeatedly answered no, the court discharged the panel. That was error.

Where, as here, a jury panel is "properly drawn and sworn to answer questions truthfully, there must be legal cause or a peremptory challenge to exclude a [prospective] juror" (*People v Thorpe*, 223 AD2d 739, 740, *lv denied* 88 NY2d 1025; *see* CPL 270.05 [2]). By dismissing the entire jury panel without questioning the ability of the individual prospective jurors to be fair and impartial (*see generally People v Wells*, 7 NY3d 51, 59-60), the court deprived defendant of a jury chosen "at random from a fair cross-section of the community" (Judiciary Law § 500; *see* CPL 270.05 [2]; *People v Roblee*, 70 AD3d 225, 228-230).

In light of our determination, we do not address defendant's remaining contentions.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court