# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**953**

**KA 11-01376**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

        V                  MEMORANDUM AND ORDER

RICARDO MCCRAY, ALSO KNOWN AS "MURDER," ALSO
KNOWN AS "MURDER MATT," ALSO KNOWN AS "MATT,"
ALSO KNOWN AS "MAC," DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 2, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (three counts), attempted murder in the first degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of three counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]), two counts of attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [viii]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that his right to counsel indelibly attached when several people informed the police that he was represented by an attorney, and that County Court therefore erred in refusing to suppress the statements that he thereafter made to the police. We reject that contention. The evidence admitted at the suppression hearing, which includes video recordings, establishes that defendant, accompanied by a community activist and others, went to a television station in order to surrender himself to the police. Before the attorney arrived, however, the police placed defendant in custody. The community activist who had accompanied defendant to the television station informed the police that an attorney was on the way to that location. The police nevertheless took defendant to a police station and administered *Miranda* warnings, after which defendant made the statements at issue. The above evidence also establishes, unequivocally, that defendant did not inform the police that he wished to speak with an attorney, and that no attorney contacted the police

department before defendant made the statements at issue. An attorney contacted the police department approximately 15 minutes after defendant arrived at the police station, and there is no dispute that the police stopped questioning defendant at that time.

We reject defendant's contention that his right to counsel indelibly attached when the community activist told the arresting police officers at the television station that defendant had an attorney who was on his way. "It is well settled that 'the right to counsel is personal' to the accused (*People v Bing*, 76 NY2d 331, 350 [1990]) and thus cannot be invoked by a third party on behalf of an adult defendant" (*People v Brown*, 309 AD2d 1258, 1258, *lv denied* 1 NY3d 595; *see People v Mitchell*, 2 NY3d 272, 275; *People v Grice*, 100 NY2d 318, 324 n 2). Thus, where, as here, a third party not affiliated with a lawyer or law firm indicates that defendant may have an attorney, "it would be unreasonable to require the police to cease a criminal investigation and begin a separate inquiry to verify whether the defendant is actually represented by counsel. Direct communication by an attorney or a professional associate of the attorney to the police assures that the suspect 'has actually retained a lawyer in the matter at issue' " (*Grice*, 100 NY2d at 324). Absent such direct communication, the police herein had no duty to investigate whether defendant was represented by counsel, and defendant's right to counsel did not indelibly attach until an attorney later called the police directly. Inasmuch as all questioning ceased at that time, we conclude that the court properly refused to suppress the statements defendant made before that time. Defendant's reliance upon *People v Lopez* is misplaced (16 NY3d 375). There, the defendant was held in custody on another, unrelated matter, and the Court of Appeals clearly stated that its "decision [was] premised on the fact that the right to counsel was violated on the particular matter for which the defendant was in custody" (*id.*, at 386), whereas in the case before us defendant was not in custody on another matter.

Defendant failed to make a recusal motion and thus failed to preserve for our review his contention that the court displayed actual bias in favor of the prosecution by issuing a gag order without first determining whether defendant's right to a fair trial was in danger of being impacted, by making evidentiary rulings unfavorable to defendant, and by making sarcastic comments to defense counsel (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725, 726, *rearg denied* 4 NY3d 795; *People v Charleston*, 56 NY2d 886, 887-888). In any event, the record does not support defendant's contention that the court displayed actual bias in its evidentiary rulings or made sarcastic comments (*see People v Persaud*, 98 AD3d 527, 529, *lv denied* 20 NY3d 1014, *reconsideration denied* 21 NY3d 913; *People v Marino*, 21 AD3d 430, 432, *lv denied* 5 NY3d 883, *cert denied* 548 US 908), and the court did not err in prohibiting all counsel from making extrajudicial statements in violation of Rule 3.6 of the Rules of Professional Conduct as set forth in 22 NYCRR 1200.0 (a) and (b) (1) (*see e.g. People v Buttafuoco*, 158 Misc 2d 174, 180-181; *see generally Sheppard v Maxwell*, 384 US 333, 358-363).

     The majority of defendant's contentions with respect to the
elicitation of testimony regarding his nickname, i.e., Murder or
Murder Matt, are not preserved for our review.  Although defendant
objected to the use of those nicknames, the court gave curative
instructions and defendant failed to seek a mistrial or otherwise
object to those instructions.  Under those circumstances, "the
curative instructions must be deemed to have corrected the error to
the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944; *see
People v Lane*, 106 AD3d 1478, 1480-1481, *lv denied* 21 NY3d 1043;
*People v Adams*, 90 AD3d 1508, 1509, *lv denied* 18 NY3d 954).  In any
event, defendant's preserved and unpreserved contentions are without
merit.  Where, as here, "several of the People's witnesses knew
defendant only by his nicknames, it was permissible for the People to
elicit testimony regarding those nicknames at trial for identification
purposes" (*People v Tolliver*, 93 AD3d 1150, 1150, *lv denied* 19 NY3d
968; *see People v Hoffler*, 41 AD3d 891, 892, *lv denied* 9 NY3d 962; *cf.
People v Collier*, 114 AD3d 1136, 1137).

     Defendant failed to preserve for our review his contention that
he was denied a fair trial by prosecutorial misconduct during
summation inasmuch as he failed to object to any of the challenged
comments (*see People v Ward*, 107 AD3d 1605, 1606, *lv denied* 21 NY3d
1078).  In any event, although we agree with defendant that the
prosecutor improperly commented that the "real Murder Matt" is the
person who committed the shootings rather than the mild-mannered man
depicted in the video recordings at the television studio or wearing
glasses at trial (*see People v Webb*, 90 AD3d 1563, 1565, *amended on
rearg* 92 AD3d 1268; *People v Lauderdale*, 295 AD2d 539, 540-541), we
nevertheless conclude that such " 'improprieties were not so pervasive
or egregious as to deprive defendant of a fair trial' " (*People v
Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY2d 583).  We further
conclude that "any error with respect to the prosecutor's use of the
nicknames is harmless inasmuch as the evidence of defendant's guilt
was overwhelming and there was no significant probability that
defendant would have been acquitted but for the alleged error,
especially in light of the court's instruction to the jury" (*Tolliver*,
93 AD3d at 1151; *People v Santiago*, 255 AD2d 63, 66, *lv denied* 94 NY2d
829).  The remaining instances of alleged prosecutorial misconduct on
summation were " 'either a fair response to defense counsel's
summation or fair comment on the evidence' " (*People v Green*, 60 AD3d
1320, 1322, *lv denied* 12 NY3d 915).

     Defendant further contends that his conviction is not supported
by legally sufficient evidence because the evidence fails to establish
that he was the person who committed the crimes, and fails to
establish that the perpetrator acted with intent, as opposed to
depraved indifference, in killing the victims.  Defendant did not
raise the latter point in his motion for a trial order of dismissal
and thus failed to preserve it for our review (*see generally People v
Hawkins*, 11 NY3d 484, 492-493).  In any event, viewing the evidence in
the light most favorable to the People (*see People v Williams*, 84 NY2d
925, 926), we conclude that it is legally sufficient to establish
defendant's identity and intent, and thus to support the conviction of

the crimes charged (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention that the People's witnesses were not credible, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we see no reason to disturb the jury's resolution of those issues.

We reject defendant's contention that he was denied effective assistance of counsel. With respect to defendant's assertion that his attorney deprived him of effective assistance of counsel by failing to make certain motions, it is well settled that counsel is not ineffective in failing to make a motion that has little or no chance of success (*see generally People v Caban*, 5 NY3d 143, 152; *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702), and the majority of defense counsel's alleged shortcomings here involved motions that had virtually no chance of success, or involved failures to object to instances of prosecutorial misconduct that would not warrant reversal (*see People v Goley*, 113 AD3d 1083, 1085). Defendant's contention that defense counsel took a position adverse to the position of defendant in his premature CPL article 440 motion is not supported by the record. In any event, after reviewing that contention and the remainder of defendant's allegations of ineffective assistance of counsel, we conclude that "the evidence, the law and the circumstances of [this] case, viewed together and as of the time of representation, reveal that meaningful representation was provided" (*People v Satterfield*, 66 NY2d 796, 798-799; *see generally People v Baldi*, 54 NY2d 137, 147).

The sentence is not unduly harsh or severe.

Entered:  October 3, 2014                      Frances E. Cafarell
                                                Clerk of the Court