# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

315

KA 14-01959

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

FRANK VANALST, ALSO KNOWN AS SHAUN AND JUNGLE,
DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARY P. DAVISON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G.
Reed, A.J.), rendered July 30, 2014. The judgment convicted
defendant, upon a jury verdict, of criminal sale of a controlled
substance in the third degree (two counts) and criminal possession of
a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the sentence and as
modified the judgment is affirmed, and the matter is remitted to
Ontario County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of two counts of criminal sale of a controlled
substance in the third degree (Penal Law § 220.39 [1]) and two counts
of criminal possession of a controlled substance in the third degree
(§ 220.16 [1]) in connection with two drug transactions that occurred
on different days and with different confidential informants.
Contrary to defendant's contention, viewing the evidence in light of
the elements of the offenses as charged to the jury (*see People v
Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not
against the weight of the evidence (*see generally People v Bleakley*,
69 NY2d 490, 495). The testimony of the police witnesses and the two
informants was consistent in terms of the procedures utilized by the
police to search the informants before and after the respective
meetings with defendant, where and how long the transactions occurred,
and the fact that the informants promptly turned over to the police
small bags of crack cocaine that each informant testified defendant
had removed from his mouth. Furthermore, we see no reason to disturb
the credibility determinations of the jury (*see People v Smith*, 145
AD3d 1628, 1629).

By agreeing that the use of his nickname "Jungle" was not unduly prejudicial, defendant waived his contention that County Court erred in permitting the prosecutor to refer to defendant by that nickname in his opening statement. Defendant failed to object to the use of his nickname by the informant witnesses or to seek a curative instruction and thus failed to preserve for our review his contention that the use of that name was unduly prejudicial (*see* CPL 470.05 [2]; *cf. People v McCray*, 121 AD3d 1549, 1551, *lv denied* 25 NY3d 1204). In any event, the witnesses knew defendant only by that nickname before learning his legal name while working with the police, and thus it was "permissible for the People to elicit testimony regarding [the] nickname[] at trial for identification purposes" (*People v Tolliver*, 93 AD3d 1150, 1150, *lv denied* 19 NY3d 968; *cf. People v Collier*, 114 AD3d 1136, 1137).

By failing to object to any of the instances that defendant contends constitute prosecutorial misconduct during the prosecutor's opening statement, in certain testimony that was elicited, and during summation, he failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *see generally People v Machado*, 144 AD3d 1633, 1635). We reject defendant's contention that the elicited testimony was improper. Even assuming, arguendo, that certain remarks the prosecutor made during his opening statement or summation were improper, we conclude that " '[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Jackson*, 108 AD3d 1079, 1080, *lv denied* 22 NY3d 997).

Contrary to defendant's contention, we conclude that he was provided with meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant failed to allege the absence of any strategic or other legitimate reason for defense counsel's alleged failure to seek a curative instruction regarding the use of defendant's nickname, or to object during the prosecutor's summation, which largely responded to the defense summation that vehemently attacked the credibility of the People's witnesses (*see generally People v Caban*, 5 NY3d 143, 152).

We agree with defendant, however, that the 14-year determinate sentence is illegal inasmuch as the maximum term that could have been imposed is 12 years (*see* Penal Law § 70.70 [3] [b] [i]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. In light of our determination, we do not consider defendant's remaining contention that the sentence is unduly harsh and severe.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court